```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

```
CLIFFRIE MORGAN,                )
                                )
     Plaintiff,                 )
                                )
v.                              )    18-cv-2042-TLP-tmp
                                )
SAINT FRANCIS HOSPITAL,         )
                                )
     Defendant.                 )
```

## REPORT AND RECOMMENDATION

Before the court is defendant Saint Francis Hospital's ("Saint Francis") motion to dismiss, filed on May 15, 2018. (ECF No. 20.) *Pro se* plaintiff Cliffrie Morgan responded on June 11, 2018, and Saint Francis replied on June 25, 2018. (ECF Nos. 23, 24.) Pursuant to Administrative Order 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the following reasons, the undersigned recommends that Saint Francis's motion be granted.

### I.   PROPOSED FINDINGS OF FACT

According to the charge of discrimination that Morgan filed with the Equal Employment Opportunity Commission ("EEOC") on December 12, 2016, she began her employment at Saint Francis in

1985.[1]  (ECF No. 20-1.)  In June of 2014, Morgan suffered an on-the-job injury that required her to receive surgery in December of 2015.  (Id.)  She claimed in her EEOC charge that on May 19, 2016, her doctor released her to return to work, but Saint Francis told her that it could not accommodate her lifting restriction, placed her on a leave of absence, and on December 9, 2016, fired her. (Id.)  Morgan filed a *pro se* complaint on January 17, 2018, in which she alleges that Saint Francis discriminated against her age and disability by terminating her employment, failing to accommodate her disability, providing her with unequal terms and conditions in her employment, and retaliating against her.  (ECF No. 1.)  In her complaint, she states that these instances of discrimination occurred on June 18, 2014, September 16, 2015, August 26, 2016, and December 9, 2016.  (Id.)  Specifically, she claims that, due to the charge of discrimination she filed with the EEOC, her reporting of her on-the-job injury, and her union activity, Saint Francis retaliated against her by refusing to give her documentation that she requested and changing her work

---

[1]The court recognizes that it is not to "consider matters outside the pleadings in deciding a Rule 12(b)(6) motion to dismiss unless the motion is treated as a motion for summary judgment under Rule 56." Turner v. City of Memphis, No. 2:17-CV-2447-SHM-DKV, 2018 WL 283752, at *3 (W.D. Tenn. Jan. 3, 2018) (citing Gavitt v. Born, 835 F.3d 623, 640 (6th Cir. 2016)).  However, since the EEOC charge came attached to the defendant's motion to dismiss, is referenced in the complaint, and is central to the claims in the complaint, the court may consider it "without converting the motion to one for summary judgment." Id. (quoting Gavitt, 835 F.3d at 640).

assignments after the schedules were posted. She also alleges that, after her injury, she requested Saint Francis provide her with light or limited duty, but instead, it terminated her and replaced her with a thirty-year-old.

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Standard of Review

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro se* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 593–94 (6th Cir. 1989), and the court cannot create a claim that has not been

"spelled out in [a] pleading," Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)).

**B.   Timeliness of Claims**

Saint Francis argues that the court must dismiss as untimely any of Morgan's claims concerning events that occurred prior to February 13, 2016.  Since Tennessee is a deferral state, employees accusing employers of discriminatory behavior under the Americans with Disabilities Act ("ADA") or the Age Discrimination in Employment Act ("ADEA") must bring EEOC charges within 300 days of the discriminatory behavior giving rise to the charge.  See 29 U.S.C. § 626 (ADEA); 42 U.S.C. § 12117(a) (ADA); Tartt v. City of Clarksville, 149 F. App'x 456, 460 (6th Cir. 2005); E.E.O.C. v. Skanska USA Bldg., Inc., 80 F. Supp. 3d 766, 779 (W.D. Tenn. 2015). "While the 300-day bar is not jurisdictional, it does have the effect of a statute of limitations, and is not to be waived without good cause." Tartt, 149 F. App'x at 460.  Morgan has not responded to Saint Francis's argument on this point.  Thus, the undersigned submits that the court should grant Saint Francis's motion to dismiss all of Morgan's claims concerning discrete incidents of discrimination that occurred 300 days before she filed her EEOC charge, specifically, all alleged acts of discrimination relating events she claims occurred on June 18, 2014, and September 16, 2015.

**C.   Age Discrimination and Retaliation Claims**

Saint Francis argues that the court should dismiss Morgan's age discrimination and retaliation claims because Morgan did not exhaust them in her EEOC charge.  Plaintiffs charging employers with discriminatory behavior must "exhaust [their] administrative remedies" and "cannot bring claims in a lawsuit that were not included in [their] EEOC charge[s]."  Deister v. Auto Club Ins. Ass'n, 647 F. App'x 652, 658 (6th Cir. 2016) (quoting Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 361 (6th Cir. 2010)).  Nevertheless, "where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim."  Spengler v. Worthington Cylinders, 615 F.3d 481, 490–91 (6th Cir. 2010) (quoting Weigel v. Baptist Hosp. of E. Tenn., 302 F.3d 367, 380 (6th Cir. 2002)).

With respect to Morgan's age discrimination claim, in her EEOC charge she provided no facts that would have led the EEOC to investigate this claim.  Therefore, the undersigned submits that Morgan failed to exhaust her administrative remedies for her age discrimination claim, and as a result, Saint Francis's motion to dismiss this claim should be granted.

As for Morgan's retaliation claim, there is at least one exception when a plaintiff may sue an employer for retaliation even though the plaintiff did not allege facts giving rise to an

inference of retaliation in her or his EEOC charge — when the retaliatory act was in response to the filing of the EEOC charge. Spence v. Donahoe, 515 F. App'x 561, 572 (6th Cir. 2013). However, when the alleged retaliatory conduct predates the filing of the EEOC charge, the plaintiff must then exhaust administrative remedies. Id. Although Morgan alleges that Saint Francis retaliated against her for filing her charge with the EEOC, the factual allegations in her complaint along with the EEOC records show that she was fired on December 9, 2016, and that she did not file her EEOC charge until December 12, 2016. Furthermore, all of the remaining retaliatory conduct that she points to in her complaint did not appear in her EEOC charge and occurred prior to her filing of this charge. Therefore, the undersigned submits that Morgan failed to exhaust her administrative remedies for her retaliation claim and, consequently, Saint Francis's motion to dismiss this claim should be granted.

**D.   Disability Discrimination Claims**

Saint Francis argues that Morgan's claims of discriminatory termination and failure to accommodate should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). At the summary judgment stage of a disability discrimination case, a plaintiff must make a *prima facie* showing that she or he "(1) is disabled, (2) is otherwise qualified to perform the essential functions of the position, with or without accommodation, and (3)

suffered an adverse employment action because of the disability." Vaughn v. Parkwest Med. Ctr., 716 F. App'x 428, 431 (6th Cir. 2017). Since *prima facie* showing requirements are evidentiary standards and not pleading requirements, plaintiffs do not need to make a *prima facie* showing to survive a motion to dismiss. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-12 (2002). However, the complaint must nonetheless "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. . . . [C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005) (citations omitted); James v. Hampton, 592 F. App'x 449, 460-61 (6th Cir. 2015). Accordingly, when determining the sufficiency of a pleading at the motion to dismiss stage, courts still look to *prima facie* showing requirements for guidance. See S. Pointe Wholesale, Inc. v. Vilardi, No. 1:17-CV-00052-GNS, 2018 WL 922379, at *2-3 (W.D. Ky. Jan. 23, 2018); United States v. Trumbull Metro. Hous. Auth., No. 4:17-CV-101, 2017 WL 4882438, at *4-5 (N.D. Ohio Oct. 30, 2017); Johnson v. Oldham, No. 16-2587-SHL-DKV, 2016 WL 7805793, at *2-3 (W.D. Tenn. Dec. 27, 2016), report and recommendation adopted, No. 16-CV-2587-SHL-DKV, 2017 WL 187561 (W.D. Tenn. Jan. 17, 2017).

Morgan's disability discrimination claims do not contain all of the material elements necessary to overcome Saint Francis's motion to dismiss. In her complaint, Morgan does not provide any description of her condition that would allow the court to infer she was disabled during the relevant time frame, much less a description of how she was otherwise qualified for the position from which she was terminated. The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities . . . ; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). In her complaint, Morgan only states that she was injured at her job and not given the limited duty she requested. At no point does she indicate whether her injury affected a major life activity or whether her employer viewed her as disabled.

Furthermore, even if the court were to infer from the EEOC charge that Morgan's lifting restriction was an impairment affecting a major life activity, the complaint still fails to state a claim on other grounds. This is because, in her complaint, Morgan does not provide any facts to support an inference that she that was qualified, with or without accommodation, to work at the position from which she was ultimately terminated. See 42 U.S.C. § 12112(A)-(B) (prohibiting employers from "discriminat[ing] against a *qualified* individual on the basis of disability"

(emphasis added)). Thus, the undersigned submits that, due to the insufficiency of Morgan's pleadings, Saint Francis's motion to dismiss Morgan's disability discrimination claims should be granted.

### III. RECOMMENDATION

For the above reasons, the undersigned recommends that Saint Francis's motion to dismiss be granted and the case be dismissed.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

June 26, 2018
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**