# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CLIFFRIE MORGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:18-cv-02042-TLP-tmp |
| v. ) | |
| ) | |
| SAINT FRANCIS HOSPITAL, ) | |
| ) | |
| Defendant. ) | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## AND GRANTING DEFENDANT'S MOTION TO DISMISS

This is an employment discrimination and retaliation case. Plaintiff, Cliffrie Morgan, is handling the case pro se. Defendant moves to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim. (ECF No. 20.) The case was referred to the Magistrate Court for management of all pretrial matters under Local Administrative Order 2013-05. The Magistrate Court issued a Report and Recommendation ("R&R") recommending that the Motion be granted and the action dismissed under Rule 12(b)(6). (ECF No. 25.) The R&R is now ripe because Plaintiff timely objected to the R&R and Defendant has responded. (*See* ECF Nos. 26, 27, 28.) For the reasons below, the Court ADOPTS IN PART AND MODIFIES IN PART the R&R. As a result, Defendant's Motion to Dismiss is GRANTED.

## **LEGAL STANDARD**

The following standards apply to this case.

**I.     Review of the R&R**

When reviewing a Report and Recommendation from the Magistrate Court,

> [a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(3). After conducting a de novo review, a district court need not articulate all the reasons it rejects a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986). Nor does the Court have to review under a de novo standard the portions of the R&R that the parties did not properly object. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). A party objecting to the R&R must do so with enough specificity "to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). That said, a party cannot "to raise at the district court stage new arguments or issues that were not presented to the magistrate [court]" absent compelling reasons. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 93, 936 (6th Cir. 1998)).

**II.    Motion to Dismiss Under Rule 12(b)(6) of the Federal Rules of Civil Procedure**

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In practice, Rule 8 requires that a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017).

A court will grant a motion to dismiss if a plaintiff has no plausible claim for relief. But a court must review the complaint in a light most favorable to the plaintiff. *See Herhold v. Green Tree Serv., LLC*, 608 F. App'x 328, 331 (6th Cir. 2015). Additionally, "[p]ro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quotations omitted). Of note, courts must only consider matters as part of the pleadings when reviewing a motion to dismiss.[1] *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). After all of this, "[a] complaint should only be dismissed if it is clear to the court that 'no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Herhold*, 608 F. App'x at 331 (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)).

## FINDINGS OF FACT

The Court will first address the Magistrate Judge's proposed factual findings here. Plaintiff makes only one factual objection to the R&R. She argues that Defendant filed an answer on April 26, 2018, and therefore waived its right to move under Rule 12(b)(6) to dismiss the complaint. (ECF No. 26 at PageID 67.) Yet a review of the record reveals that Defendant did not respond to the Complaint until it moved to dismiss on May 15, 2018. (*See* ECF No. 20.) The Court therefore rejects Plaintiff's objection because it is factually incorrect. There are no

---

[1] The Magistrate Judge correctly notes that documents referred to in the pleadings and central to the complaint may be reviewed without converting the motion to dismiss into a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007) ("[W]hen a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment."); *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (holding that courts can consider documents central to a complaint but not formally incorporated by reference or attachment to a complaint as part of the pleadings).

more factual objections to the R&R.  With that in mind, the Court adopts the Magistrate Judge's proposed findings of fact here.  (*See* ECF No. 25 at PageID 58–60.)

## ANALYSIS

**I.     Timeliness of Claims**

Plaintiff filed her EEOC charge on December 12, 2016.  (*Id*. at PageID 6.)  Defendant argues that some of Plaintiff's claims are untimely and that any claims alleged to have occurred before February 13, 2016, must be dismissed.  (ECF No. 20 at PageID 43–44.)  Plaintiff alleges that at least two acts of discrimination occurred before this date.[2]  (ECF No. 1 at PageID 3.)

The date Plaintiff filed her EEOC charge is important because Title VII claims must be brought within a certain period.  *See Amini v. Oberlin College*, 259 F.3d 493, 498 (6th Cir. 2001).  Tennessee is a "deferral state," and thus the applicable statute of limitations is 300 days from the date of the alleged act of discrimination if the plaintiff instituted the applicable state proceedings.  *See Tartt v. City of Clarksville*, 149 F. App'x 456, 460 (6th Cir. 2005) ("Tennessee is a 'deferral state' for purposes of the federal discrimination statutes . . . [and] when a plaintiff institutes the relevant state proceedings . . . he must file his EEOC charge within 300 days of the alleged discrimination.").  "While the 300-day bar is not jurisdictional, it does have the effect of a statute of limitation, and is not to be waived without good cause." *Id*. (citing *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 376 (6th Cir. 2002)).  Here, this 300 day statutory period means that Plaintiff's EEOC charge filed on December 12, 2016, was

---

[2] Plaintiff claims that Defendant discriminated against her on June 17, 2014, and on September 16, 2015.  (ECF No. 1 at PageID 3.)

4

untimely for any events occurring before February 16, 2016.[3] As a result, Plaintiff's claims of discrimination on June 17, 2014, and on September 16, 2015, are untimely.

All the same, Plaintiff objects to this point and argues that all of her claims are timely. (ECF No. 26 at PageID 67.) She tries to use the relation-back doctrine of amended pleadings to support her argument. Yet Plaintiff cites no previous pleadings to which the relation-back doctrine could be applied. Thus, Court ADOPTS the Magistrate Judge's recommendation that the claims occurring more than 300 days before the EEOC charge was filed be dismissed and MODIFIES the date before which the claims are time-barred. Defendant's Motion to Dismiss claims alleged to have occurred before February 16, 2016, is GRANTED.

## II. Age Discrimination and Retaliation Claims

Defendant next argues that Plaintiff's age discrimination and retaliation claims should be dismissed for failure to exhaust her administrative remedies. (ECF No. 20 at PageID 41–42.) Generally, a Title VII plaintiff may not "bring claims in a lawsuit that were not included in [her] EEOC charge[s]." *Deister v. Auto Club Ins. Ass'n*, 647 F. App'x 652, 658 (6th Cir. 2016) (quoting *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010)); *see also* 29 U.S.C. § 626(d)(1). An exception to this rule exists where "a plaintiff . . . alleged sufficient facts in his or her EEOC complaint to put the EEOC on notice of the other claim even though the plaintiff failed to check the appropriate box on the EEOC's complaint form." *Spengler v. Worthington Cylinders*, 615 F.3d 481, 490 (6th Cir. 2010) (citing *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004)).

---

[3] The Court notes that Plaintiff does not allege that she instituted the relevant state proceedings (*see* ECF No. 1 at PageID 6), and thus the most likely applicable statute of limitations is 180 days and not 300 days. *See* 42 U.S.C. § 2000e-5(e)(1). That said, the point is moot as Plaintiff's claims for any acts of discrimination occurring before February 16, 2016, are untimely under the longer limitations period.

### A. Plaintiff Failed to Exhaust Her Administrative Remedies on Her Age Discrimination Claim.

Plaintiff's EEOC charge alleges only that Defendant discriminated against because of her alleged disability. (ECF No. 20-1.) Her EEOC charges include no information that would put the EEOC on notice of an age discrimination claim. *Accord Younis*, 610 F.3d at 363 (holding that the plaintiff failed to exhaust his administrative remedies on his Title VII retaliation claim because he did not mark the box for retaliation on his EEOC charge form and failed to include facts that would put the EEOC or his employer on notice that he intended to allege retaliation); *Waggoner v. Carlex Glass America, LLC*, 682 F. App'x 412, 416–17 (6th Cir. 2017) (holding that the plaintiff failed to exhaust his administrative remedies for his claim of retaliation because he only included allegations of his disability in his EEOC charge).

Despite this shortcoming, Plaintiff argues that her responses to the EEOC questionnaire satisfy the exhaustion requirement. (*See* ECF No. 26 at PageID 67.) But the EEOC questionnaire is not part of the charging document and is therefore evidence outside the scope pleadings. *See Dorn v. General Motors Corp.*, 131 F. App'x 462, 471 (6th Cir. 2005) ("The questionnaire does not purport to identify itself as a charging document."). The Court, therefore, does not consider it in evaluating Defendant's Motion. So the Court ADOPTS the Magistrate Judge's recommendation and GRANTS Defendant's Motion to Dismiss Plaintiff's age discrimination claim.

## B. Plaintiff Failed to Exhaust Her Administrative Remedies on Her Retaliation Claim

Plaintiff's retaliation claims fail for the same reason as her age discrimination claim. And Defendant terminated Plaintiff's employment before filing her EEOC charge.[4] Her termination cannot, therefore, be in retaliation for her filing her EEOC charge. Thus, the Court ADOPTS the Magistrate Judge's recommendation and GRANTS Defendant's Motion to Dismiss Plaintiff's retaliation claim.

## III. Disability Discrimination Claims

Plaintiff's final claim of disability discrimination is similarly inadequate. A plaintiff successfully establishes a prima facie case of discrimination under the Americans with Disabilities Act ("ADA") when the plaintiff shows that (1) she is disabled; (2) she is "otherwise qualified to perform the essential functions of the position, with or without accommodation;" and (3) she suffered an adverse employment action because of her disability. *Vaughn v. Parkwest Med. Ctr.*, 716 F. App'x 428, 431 (6th Cir. 2017) (citing *Ferrari v. Ford Motor Co.*, 826 F.3d 885, 891 (6th Cir. 2016)). These elements of a prima facie case of discrimination are evidentiary standards, however, and need not be fully established at the pleading stage. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–11 (2002). That said, a plaintiff must still plead "'factual content' from which a court could 'draw the reasonable inference'" that the plaintiff was discriminated against based on disability. *James v. Hampton*, 592 F. App'x 449, 460–61 (6th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The Magistrate Judge recommended granting Defendant's Motion to Dismiss on this claim because Plaintiff failed to allege sufficiently facts showing that she was entitled to relief

---

[4] The record establishes that Defendant terminated Plaintiff on December 9, 2016, and that she filed her EEOC charge on December 12, 2016. (ECF No. 1-1 at PageID 8; ECF No. 1 at PageID 6.)

under the ADA. (ECF No. 25 at PageID 65–66.) In particular Plaintiff failed to allege facts that would allow the Court to infer that she was disabled during the relevant time frame or that she was otherwise qualified for the position she held before termination. (*Id*. at PageID 65.) The term "disability" is defined under the ADA as meaning an individual with: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment . . . ." 42 U.S.C. § 12102(1).

Plaintiff's complaint lacks any factual allegations that would allow the Court to infer reasonably that she suffered from a disability during the relevant period. She tries to cure these deficiencies by adding additional facts in her objections to the R&R, such as the fact that she suffered tissue and nerve damage. (*See* ECF No. 26 at PageID 68.) That said, like the EEOC questionnaire discussed above, this is not the appropriate stage to add new facts to the litigation. *See Murr*, 200 F.3d at 902 n.1; *Harper v. Houston*, No. 17-2132-STA-cgc, 2018 WL 354609, at *5 n.2 ("It would be improper for the Court to consider the new facts because they are matters outside the pleadings."). And the email attached to Plaintiff's objections (ECF No. 26-1 at PageID 78) was neither attached to nor essential to the complaint, leaving them outside the scope of review on a motion to dismiss. *See Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016). And Plaintiff has not sought to amend her complaint to add these other facts.

The pleadings also do not include facts that plausibly allege that Plaintiff was qualified for the job, with or without an accommodation. She only alleges that she requested and was denied light duty work while she recovered from her injury. (ECF No. 1 at PageID 4.) These allegations do not enable the Court to make a reasonable inference that she was qualified to perform the position from which she was terminated. Her objections to the R&R merely recite

the requirements of the job, without showing that she was qualified to perform those requirements. The Court therefore ADOPTS the Magistrate Judge's recommendation and GRANTS Defendant's Motion to Dismiss the ADA claim.

## **CONCLUSION**

For these reasons, the Court ADOPTS the Report and Recommendation. Defendant's Motion to Dismiss is GRANTED. Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

**SO ORDERED**, this 25th day of January, 2019.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE