IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

CLIFFRIE MORGAN,                    )
                                    )
      Plaintiff,                    )
                                    )
v.                                  )     No. 18-cv-2042-TLP-tmp
                                    )
AMISUB (SFH), INC.                  )
d/b/a SAINT FRANCIS HOSPITAL,       )
                                    )
      Defendant.                    )
_____

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER AND
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL
_____

On April 8, 2020, plaintiff Cliffrie Morgan filed a motion for a protective order.[1] (ECF No. 53.) Defendant AMISUB (SFH), Inc. d/b/a Saint Francis Hospital ("AMISUB") filed a response on April 23, 2020. (ECF No. 60.) On April 23, 2020, AMISUB filed a motion to compel discovery responses. (ECF No. 59.) Morgan filed a response on June 5, 2020. (ECF No. 66.) For the reasons below, Morgan's motion for a protective order is GRANTED in part and DENIED in part, AMISUB's motion to compel is GRANTED, and AMISUB's motion for attorneys' fees is DENIED.

_____

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

## I.   BACKGROUND

Plaintiff Cliffrie Morgan filed a *pro se* complaint against AMISUB on January 17, 2018, asserting failure-to-accommodate and discriminatory termination claims under the ADA stemming from an on-the-job injury. (ECF No. 1.) AMISUB served its first set of interrogatories, requests for admission, and requests for production of documents on Morgan on March 5, 2020. (ECF No. 59, at 1.) In lieu of providing formal responses to these requests, Morgan filed a motion for a protective order on April 8, 2020. (ECF No. 53.)

Morgan sent an email to counsel for AMISUB on March 31, 2020, stating that she intended to file her motion for a protective order. (ECF No. 59-1, at 31.) Counsel for AMISUB responded later that day by stating that AMISUB could not take a position on the motion because Morgan did not detail the relief sought or the discovery requests she found objectionable. (Id.) On April 8, 2020, Morgan responded by outlining the bases for her motion for a protective order and a list of additional objections to AMISUB's discovery requests. (ECF No. 59-1, at 36-38.)

According to Morgan's motion for a protective order, AMISUB's interrogatories and requests for production seek privileged information. (ECF No. 53-1, at 1.) Morgan states three bases for such privilege: the Fifth Amendment right against self-

- 2 -

incrimination, attorney-client privilege, and psychotherapist-patient privilege. (<u>Id.</u>)

On April 23, 2020, AMISUB filed a motion to compel responses to its interrogatories and requests for production of documents. (ECF No. 59, at 1-2.) AMISUB also asks that its requests for admissions be deemed admitted based on Morgan's failure to timely answer or properly object to them. (<u>Id.</u> at 2.) Lastly, AMISUB argues that it is entitled to reasonable expenses and attorneys' fees regarding its motion to compel and its response to the motion for a protective order. (ECF Nos. 59, at 3; 60, at 6.) Because there is significant overlap between the issues presented in Morgan's motion for a protective order and AMISUB's motion to compel, the undersigned will address both motions in this order.

## II.  ANALYSIS

### A.  Legal Standard

The scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The party seeking discovery is obligated to demonstrate relevance. <u>Johnson v. CoreCivic, Inc.</u>, No. 18-CV-1051-STA-tmp, 2019 WL 5089086, at *2 (W.D. Tenn. Oct. 10, 2019). Upon a showing of relevance, the burden shifts to the

party opposing discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case. William Powell Co. v. Nat'l Indem. Co., No. 1:14-CV-00807, 2017 WL 1326504, at *5 (S.D. Ohio Apr. 11, 2017), aff'd sub nom. 2017 WL 3927525 (S.D. Ohio June 21, 2017), and modified on reconsideration, 2017 WL 4315059 (S.D. Ohio Sept. 26, 2017). Six factors are relevant to proportionality: (1) "the importance of the issues at stake in the action;" (2) "the amount in controversy;" (3) "the parties' relative access to relevant information;" (4) "the parties' resources;" (5) "the importance of the discovery in resolving the issues;" and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Rule 26 also provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). "To determine whether good cause exists, and the proper level of protection, the court 'must balance the requesting party's need for discovery against the resisting party's claimed harm that will result from disclosure.'" Westbrook v. Charlie Sciara & Son Produce Co., No. 07-2657 MA/P, 2008 WL 839745, at *4 (W.D. Tenn. Mar. 27, 2008) (quoting In re Michael Wilson & Partners, Ltd., No. 06-cv-02575-MSK-KLM, 2007 WL 3268475, at *1

- 4 -

(D. Colo. Oct. 30, 2007)).

Pursuant to Rule 37, a party may file a motion to compel if another party "fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). As for requests for admission, Rule 36 provides that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)[.]" Fed. R. Civ. P. 36(a)(1). Such requests for admission may pertain to "facts, the application of law to fact, or opinions about either," or "the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1)(A)-(B). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

**B.   Fifth Amendment**

Morgan first asserts that the court should grant her a protective order because the defendant's interrogatories and requests for production violate her Fifth Amendment right against self-incrimination. (ECF No. 53-1, at 2-4.) Morgan identifies a series of interrogatories seeking admissions as to the injury she sustained, her work conditions afterwards, and the treatment she

- 5 -

underwent. (ECF No. 53-1, at 5-6.) However, Morgan provides no explanation of how or why responding to these interrogatories would require Morgan to incriminate herself. Similarly, Morgan objects to numerous production requests, such as a request for documents identified or used by Morgan in responding to the interrogatories. (ECF No. 53-1, at 7-8.) Again, Morgan provides no indication of how these requests for production relate to or implicate the Fifth Amendment right against self-incrimination. Such a "blanket assertion" of Fifth Amendment privilege is impermissible. United States v. Conces, 507 F.3d 1028, 1040 (6th Cir. 2007). Accordingly, the request for a protective order in this regard is hereby DENIED. Moreover, to the extent that Morgan objects to AMISUB's discovery requests on this basis, any such objection is overruled.

## C.   Attorney-Client Privilege

Morgan next asserts that the court should grant her a protective order because information and documents sought by the defendant are protected by the attorney-client privilege. (ECF No. 53-1, at 10-11.) Morgan seems to assert that certain information is protected by attorney-client privilege because, by proceeding *pro se*, she is acting both as attorney and client. (Id.) Morgan writes: "When the Plaintiff put[s] on her attorney hat she must confer with her client the Plaintiff. Therefore by confer[ring] with her client Plaintiff is invoking her attorney client

- 6 -

privilege." (Id. at 11.) This argument lacks merit. See Svete v. Wunderlich, No. 2:07-CV-156, 2009 WL 1687952, at *1 (S.D. Ohio June 11, 2009) ("Many of the objections asserted by plaintiff lack even an arguably colorable basis. For example, plaintiff, who is proceeding pro se, invokes the attorney-client privilege or work-product doctrine."). To the extent that Morgan seeks to assert such an argument, the motion for a protective order in this regard is hereby DENIED. Again, to the extent that Morgan objects to AMISUB's discovery requests on this basis, any such objection is overruled.

D.   **Psychotherapist-Patient Privilege**

Lastly, Morgan argues that defendant's requests for production and interrogatories seek information and records concerning her mental health that are protected by the psychotherapist-patient privilege. (ECF No. 53-1, at 19-25.) Defendant argues that such medical records are relevant to Morgan's alleged disability and thus to her ADA claims, as well. (ECF No. 60, at 4-5.) As defendant points out, medical records relating to a purported disability are highly relevant to ADA claims. See Shahbabian v. TriHealth, Inc., No. 1:18-CV-790, 2020 WL 419443, at *8 (S.D. Ohio Jan. 27, 2020); see also Lankford v. Reladyne, LLC, No. 1:14-CV-682, 2016 WL 1444307, at *3 (S.D. Ohio Apr. 8, 2016).

- 7 -

In this case, however, the disability Morgan alleges is physical
in nature. In addition,

the complaint requests only compensatory damages. At this time,
there is no reason to believe that medical records pertaining to
Morgan's mental health are relevant to her disability or the
calculation of damages. Because Morgan has not put her mental
health at issue, the court hereby GRANTS Morgan's request for a
protective order as to information and records regarding her mental
health.[2] To the extent that Morgan puts her mental health at issue
in the future, defendant may move to have the protective order
reexamined at that time.

**E.   Requests for Production**

AMISUB seeks to compel responses to its requests for
production because Morgan has not yet provided a formal response.
(ECF No. 59, at 2.) Morgan's only response to the requests for
production was her email to counsel for AMISUB on April 8, 2020,
in which Morgan objected to "all production of documents
request[ed]." (ECF No. 59-1, at 36.) This email does not satisfy
the requirement of Federal Rule of Civil Procedure 34(b)(2)(B)
that "[f]or each item or category, the response must either state

---

[2]It is worth noting that defendant, notwithstanding its arguments
above, "is willing to consent to a standard Protective Order and/or
Confidentiality Agreement to safeguard confidential information."
(ECF No. 60, at 6.)

that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 26(b)(2)(B). In addition, Morgan's email did not state whether she withheld any responsive materials on the basis of her objections as required by Rule 34. See Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.").

Aside from the objections asserted in her motion for a protective order, Morgan asserts that she was not required to respond because AMISUB either already possesses the documents it requested or impermissibly referenced its interrogatories in production requests. (ECF No. 66, at 12.) Even if AMISUB already has all relevant documents in its possession, this does not relieve Morgan of her obligation to respond in accordance with the Federal Rules of Civil Procedure. In addition, nothing in the Federal Rules of Civil Procedure prohibits AMISUB from referencing its interrogatories in its requests for production. Moreover, Morgan asserts these objections only generally and does not state to which requests for production her objections apply. See Fed. R. Civ. P. 34(b)(2)(B); see also Strategic Mktg. & Research Team, Inc. v. Auto Data Sols., Inc., No. 2:15-CV-12695, 2017 WL 1196361, at *2

- 9 -

(E.D. Mich. Mar. 31, 2017) ("Boilerplate or generalized objections are tantamount to no objection at all and will not be considered by the Court."). These general objections are overruled.

The only specific objection Morgan provides is to request for production number 6, on the grounds that it requests documents protected by the psychotherapist-patient privilege. (ECF No. 66, at 12.) Request for production number 6 states: "Please produce fully executed Employment, Medical, and Mental Health Records Authorization release forms, which are attached hereto for your signature." (ECF No. 59-1, at 24.) Because the undersigned granted Morgan a protective order as to her mental health records, she need not provide the Mental Health Records Authorization. However, Morgan must provide the other release forms requested.

AMISUB's motion to compel responses to its requests for production is hereby GRANTED in accordance with the above. Morgan must respond to AMISUB's requests for production within thirty (30) days from the entry of this order. Morgan must also provide AMISUB with signed employment and medical release forms within thirty (30) days from the entry of this order.

## F.  Interrogatories

AMISUB seeks to compel answers to its interrogatories, because Morgan has not yet formally answered. (ECF No. 59, at 2.) Morgan's only response to the interrogatories was her email to

counsel for AMISUB on April 8, 2020, in which Morgan objected to several of the interrogatories. (ECF No. 59-1, at 36.) This email does not satisfy the requirement of Federal Rule of Civil Procedure 33(b)(3) that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

Aside from the objections asserted in her motion for a protective order, Morgan objects to several of the interrogatories on the grounds that the information requested has already been provided in her initial disclosure or by other means. (ECF No. 66, at 12-14.) Morgan also argues that some of the interrogatories impermissibly reference AMISUB's requests for production. (ECF No. 66, at 12.) As addressed above, nothing in the Federal Rules of Civil Procedure prohibits AMISUB from referencing other discovery requests in its interrogatories or requests for production. Furthermore, AMISUB's ability to obtain the information sought from alternative sources does not relieve Morgan of her obligation to respond in accordance with the Federal Rules of Civil Procedure. Nor does it excuse the failure to answer these interrogatories. See Malone v. City of Memphis, No. 18-2201-MSN-tmp, 2020 WL 465036, at *3 (W.D. Tenn. Jan. 28, 2020) ("[P]arties must make a reasonable effort to answer interrogatories, including reviewing information available to them."). Accordingly, these objections are overruled.

Morgan objects to interrogatory numbers 1, 2, 3, 4, 5, 6, 10, and 12 as being overbroad and unduly burdensome. (ECF No. 66, at 12-14.) These general objections violate the specificity requirement of Rule 33. See Sobol v. Imprimis Pharms., No. 16-14339, 2017 WL 5035837, at *1 (E.D. Mich. Oct. 26, 2017) ("[B]oilerplate objections are legally meaningless and amount to a waiver of an objection.") (citing Auto Data Sols., 2017 WL 1196361, at *2). These objections are likewise overruled.

Lastly, Morgan objects to interrogatory numbers 11 and 13 on the basis that the information sought is protected by the psychotherapist-patient privilege. (ECF No. 66, at 14.) These interrogatories state as follows:

> 11. Please identify every health care institution, medical and/or mental health care provider, medical doctor, physician, psychiatrist, psychologist, therapist, counselor, practitioner, nurse practitioner, and/or other like individuals you have seen for reasons related to the factual and/or legal allegations in your Complaint, including the date and nature of treatment, the condition for which treatment was provided, and any work restriction recommended or imposed by a health care provider.
>
> . . .
>
> 13. Please identify all medical providers, physicians, counselors you have seen since the date of your alleged on-the-job injury, their place of employment, address, and the reason for such visit(s).

(ECF No. 59-1, at 11.) Because the undersigned granted Morgan a protective order as to her mental health records, she need not

- 12 -

provide information about her mental healthcare providers in responding to interrogatory numbers 11 and 13. Morgan must fully answer the interrogatories regarding all other medical care and attest to her answers in a formal response.

AMISUB's motion to compel answers to its interrogatories is hereby GRANTED in accordance with the above. Morgan must answer AMISUB's interrogatories within thirty (30) days from the entry of this order.

## G.   Requests for Admission

AMISUB argues that its requests for admission should be deemed admitted based upon Morgan's failure to respond. (ECF No. 59, at 2.) AMISUB notes that Morgan's email on April 8, 2020, which served as her only response to the requests for admission, came after the 30-day deadline to respond to the requests for admission had already passed. (Id. at 1.) Under Rule 36, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Thus, AMISUB argues that the matters addressed in its requests for admission should be deemed admitted. (ECF No. 59, at 2.) In response, Morgan argues only that she was not required to answer for the reasons stated in her motion for a protective order, namely, that the information

- 13 -

sought is protected by her Fifth Amendment right against self-incrimination, psychotherapist-patient privilege, and attorney-client privilege. (ECF No. 66, at 3.) Morgan does not specify to which requests these objections apply.[3] More importantly, Morgan does not dispute that she failed to timely respond to the requests for admission. However, given Morgan's *pro se* status and in the interest of resolving cases on the merits, rather than deeming the requests admitted, the court will order Morgan to respond to the requests for admission within thirty (30) days from the entry of this order.

## H.   Costs and Expenses

Lastly, AMISUB asserts that it is entitled to reasonable expenses and attorneys' fees regarding its response to the motion for a protective order and its motion to compel. (ECF Nos. 60, at 6; 59, at 3.) Regarding the response to the motion for a protective order, AMISUB argues that it is entitled to attorneys' fees because Morgan's arguments about the right against self-incrimination and attorney-client privilege are "patently frivolous." (ECF No. 60, at 6.) Rule 37(a)(5) provides that "[i]f the motion is granted in

---

[3]Upon review of the requests for admission, it does not appear that any of the requests implicate the protective order regarding documentation and information pertaining to Morgan's mental health protected by psychotherapist-patient privilege. (ECF No. 59-1, at 16-18.)

- 14 -

part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). While Morgan's arguments about the right against self-incrimination and attorney-client privilege lack merit, the main focus of Morgan's motion for a protective order was the psychotherapist-patient privilege. The undersigned finds that both parties should bear their own costs and expenses regarding the briefing on the motion for a protective order.

As to AMISUB's motion to compel, however, the analysis is different. Because the undersigned granted the motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, "the court must not order this payment if: the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). AMISUB argues that its counsel attempted to confer with Morgan on numerous occasions regarding discovery, that there is no substantial justification for Morgan's

failure to respond, and that no other circumstances make an award of expenses unjust. (ECF No. 59, at 2-3.)

In response, Morgan argues only that she should not be required to pay AMISUB's attorneys' fees because she moved for a protective order in good faith. (ECF No. 66, at 4.) Morgan does not dispute that counsel for AMISUB made good faith attempts to obtain discovery from Morgan before filing its motion to compel, as demonstrated by the sworn declaration by counsel for AMISUB. (ECF No. 59-1, at 1-2.) At best, Morgan argues that her filing a motion for a protective order justified her failure to provide timely and formal responses to AMISUB's discovery requests. However, even if the court had granted Morgan's motion in full, the resulting protective order would not excuse Morgan from providing responses to AMISUB's discovery requests in accordance with the Federal Rules of Civil Procedure. Rather, the protective order would alter the substance of those responses. The fact that Morgan moved for a protective order does not by itself substantially justify her failure to comply with the Federal Rules of Civil Procedure. However, under the circumstances, the court finds that an award of expenses would be unjust at this time. The motion for attorney's fees is denied. However, should Morgan fail to comply with the Federal Rules of Civil Procedure or this court's orders in the future, she may be subject to sanctions, including

- 16 -

but not limited to attorneys' fees and/or dismissal of her complaint with prejudice.

### III. CONCLUSION

Based on the foregoing analysis, Morgan's motion for a protective order is hereby GRANTED in part and DENIED in part, and AMISUB's motion to compel is GRANTED and its motion for attorneys' fees is DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

July 24, 2020
Date