# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CLIFFRIE MORGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:18-cv-02042-TLP-tmp |
| v. ) | |
| ) | |
| AMISUB (SFH), INC. d/b/a SAINT ) | |
| FRANCIS HOSPITAL MEMPHIS, ) | |
| ) | |
| Defendant. ) | |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE CHIEF MAGISTRATE JUDGE'S ORDER ON DEFENDANT'S MOTION TO COMPEL, AFFIRMING THE ORDER ON DEFENDANT'S MOTION TO COMPEL, DENYING PLAINTIFF'S MOTION FOR A CERTIFICATE OF APPEALABILITY, AND DENYING PLAINTIFF'S MOTION TO STAY**

Defendant AMISUB (SFH) Inc. d/b/a Saint Francis Hospital Memphis moved to compel responses to its interrogatories and requests for production of documents. (ECF No. 59.) Under Administrative Order 2013-05, Chief Magistrate Judge Pham considered the motion and granted it. (ECF No. 71.) Pro se Plaintiff Cliffrie Morgan, unhappy with that order, now appeals and asks this Court to grant her a certificate of appealability to the Sixth Circuit. (ECF No. 73.) Plaintiff also asks this Court to stay the case until the Sixth Circuit addresses her interlocutory appeal. (ECF No. 73.) Because appeal of a Magistrate Judge's order referred under 28 U.S.C. § 636(b)(1)(A) is appealable to the district court, the Court construes Plaintiff's motions as an appeal of the order to this Court.

For the reasons below, the Court **OVERRULES** Plaintiff's objections, **AFFIRMS** the order of the Chief Magistrate Judge, **DENIES** Plaintiff's motion for a certificate of

appealability to the Sixth Circuit, and **DENIES** Plaintiff's motion to stay the case. And the Court **CERTIFIES** that any interlocutory appeal of this order would not be taken in good faith and **DENIES** any motion for leave to appeal in forma pauperis.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(A), the Court may designate a magistrate judge to hear and determine any pretrial matter. The Court may reconsider a pretrial determination made by a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## DISCUSSION

### I. Plaintiff's Appeal of the Chief Magistrate Judge's Order Granting Defendant's Motion to Compel

#### A. Plaintiff's Objections are Untimely

Under Federal Rule of Civil Procedure 72, parties have fourteen days to file objections to a Magistrate Judge's order on non-dispositive motions. Fed. R. Civ. P. 72(a). "A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). What is more, "[t]he district judge in the case must consider *timely* objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a) (emphasis added).

Here the Chief Magistrate Judge issued the order granting Defendant's motion to compel on July 24, 2020. (ECF No. 71.) So Plaintiff had until August 7, 2020, to object to the order timely. Fed. R. Civ. P. 72(a). But Plaintiff failed to do so. Instead, she filed this motion for a certificate of appealability on August 10, 2020 (ECF No. 73), and the motion to stay the next day. (ECF No. 74.) For these reasons, Plaintiff's attempted appeal of the Chief Magistrate Judge's order is untimely.

**B.     The Chief Magistrate Judge's Order was Neither Clearly Erroneous nor Contrary to Law**

Even considering the merits of her objections, Plaintiff does not establish that the Chief Magistrate Judge's order was either clearly erroneous or contrary to law.

Plaintiff first argues that the Chief Magistrate Judge has no authority to issue orders in her case because she did not consent to the jurisdiction of a Magistrate Judge. (ECF No. 74 at PageID 485.) But this argument is meritless. The District Court for the Western District of Tennessee has long assigned all matters with pro se non-prisoner plaintiffs—like Plaintiff here—to Magistrate Judges for management of all pretrial matters. (*See* Admin. Order 2013-05, Apr. 29, 2013.) Under Administrative Order 2013-05, the assigned Magistrate Judge "shall manage these cases for all pretrial matters within the Magistrate Judges' jurisdiction for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and all other pretrial matters for proposed findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)."

This Court administratively referred the management and all pretrial decisions in this case to the Chief Magistrate Judge under Administrative Order 2013-05 shortly after Plaintiff sued here. And so the Chief Magistrate Judge has jurisdiction to issue an order under 28 U.S.C. § 636(b)(1)(A) because the motion to compel is a non-dispositive pretrial matter. The Court therefore **OVERRULES** this objection to the Chief Magistrate Judge's order.

Next, Plaintiff alleges that the Chief Magistrate Judge violated her Fifth Amendment right against self-incrimination by ordering her to respond to Defendant's discovery requests. (ECF No. 73 at PageID 478–79.) But Plaintiff fails to state sufficient grounds to overturn the Chief Magistrate Judge's order here.

The Chief Magistrate Judge addressed Plaintiff's purported assertion of her Fifth Amendment right against self-incrimination, noting that she provided "no explanation of how or

why responding to these interrogatories would require her to incriminate herself." (ECF No. 71 at PageID 463.) And the Chief Magistrate Judge correctly noted that "[s]uch a 'blanket assertion' of Fifth Amendment privilege is impermissible." (*Id.* (citing *United States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007).)

What is more, Defendant correctly points out that the Fifth Amendment protection against self-incrimination "does not extend to consequences of a noncriminal nature, such as threats of liability in civil suits." (ECF No. 75 at PageID 499 (citing *United States v. Apfelbaum*, 445 U.S. 115, 125 (1980).) Plaintiff's Fifth Amendment argument is therefore unconvincing, and the Chief Magistrate Judge's order compelling her response to Defendant's interrogatories and requests for production is neither clearly erroneous nor contrary to law. The Court therefore **OVERRULES** this objection to the Chief Magistrate Judge's order.

## II.     Plaintiff's Motion for a Certificate of Appealability and Motion to Stay and Other Appellate Issues

Under Federal Rule of Appellate Procedure 24(a), a non-prisoner desiring to proceed in forma pauperis on appeal must obtain pauper status. *See Swain v. Save a Lot Corp.*, No. 16-2008-JDT-dkv, 2016 WL 429801 at *1 (W.D. Tenn. Feb. 3, 2016) (citing *Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999)). Even so, Rule 24(a)(3) provides that if a party could proceed in forma pauperis in the district court, she may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the Court denies pauper status on appeal, the party may move to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)–(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether a party appeals in good faith is whether the litigant seeks

4

appellate review of any issue that is not frivolous. *Id.* This Order is not final and does not meet the criteria for interlocutory appeals under 28 U.S.C. § 1292. Appeal would therefore be baseless.

For these reasons, and for all the reasons listed above, the Court **DENIES** Plaintiff's motion for a certificate of appealability. (ECF No. 73.) And because this Court denies her request for a certificate of appealability, it also **DENIES** Plaintiff's motion to stay proceedings pending her attempted appeal to the Sixth Circuit (ECF No. 74).

The Court also **CERTIFIES** under Federal Rule of Appellate Procedure 24(a) that Plaintiff's interlocutory appeal here is not in good faith. Any motion for leave to appeal in forma pauperis is therefore **DENIED**. As a result, if Plaintiff wishes to file an interlocutory appeal of this order, she must pay the full $505 appellate filing fee or move to proceed in forma pauperis and supporting affidavit in the Sixth Circuit.

## CONCLUSION

Because the Court does not find the Chief Magistrate Judge's determination clearly erroneous or contrary to law, the Court **OVERRULES** Plaintiff's objections, **AFFIRMS** the order granting Defendant's motion to compel Plaintiff's responses to its interrogatories and requests for production of documents. (ECF No. 59.) The Court also **DENIES** Plaintiff's motion for a certificate of appealability (ECF No. 73), and **DENIES** Plaintiff's motion to stay proceedings (ECF No. 74).

The Court further **CERTIFIES** that any interlocutory appeal of this order would not be taken in good faith and **DENIES** any motion for leave to appeal in forma pauperis.

**SO ORDERED**, this 21st day of August, 2020.

                                          s/Thomas L. Parker
                                          THOMAS L. PARKER
                                          UNITED STATES DISTRICT JUDGE