## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

_____

| | |
|---|---|
| **CLIFFRIE MORGAN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 18-cv-2042-TLP-tmp |
| | ) |
| **AMISUB (SFH), INC.** | ) |
| **d/b/a SAINT FRANCIS HOSPITAL,** | ) |
| | ) |
| Defendant. | ) |

_____

### ORDER DENYING PLAINTIFF'S MOTION TO COMPEL
### AND DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES
_____

On June 10, 2020, plaintiff Cliffrie Morgan filed a motion to compel.[1] (ECF No. 67.) Defendant AMISUB (SFH), Inc. d/b/a Saint Francis Hospital ("AMISUB") filed a response on June 23, 2020, in which AMISUB requested attorneys' fees. (ECF No. 69.) Morgan filed a reply on July 13, 2020.[2] (ECF No. 70.) For the reasons below,

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

[2] Per Local Rule 7.2(c), a party must seek leave of court before filing a reply brief, except for motions to dismiss per LR 12.1(c) and motions for summary judgment per LR 56.1(c). Morgan did not seek leave of court before filing her reply. In addition, per Local Rule 7.2(e), "reply memoranda, if permitted, shall not exceed 5 pages in length." Morgan's reply is twenty-three pages long. While the court will consider this reply, the court may disregard future replies not filed in accordance with the Local Rules.

Morgan's motion to compel is DENIED, and AMISUB's motion for attorneys' fees is DENIED.

## I.   BACKGROUND

Plaintiff Cliffrie Morgan filed a *pro se* complaint against AMISUB on January 17, 2018, asserting failure-to-accommodate and discriminatory termination claims under the ADA stemming from an on-the-job injury. (ECF No. 1.) According to Morgan, she submitted a discovery request to counsel for defendants on January 30, 2020, within her initial disclosure documents.[3] (ECF No. 67, at 1.) Morgan writes that defense counsel acknowledged the discovery request in an email dated March 31, 2020, but never provided responsive documents. (Id.)

According to AMISUB, the only discovery request it received from Morgan was as a response to its initial disclosures. (ECF No. 69-1, at 3.) AMISUB asserts that it responded fully to the discovery requests contained therein, tendering nearly five hundred pages of responsive documents. (ECF No. 69, at 2.) In its response, AMISUB requests attorneys' fees under Rule 37(a)(5)(B). (Id. at 5.)

---

[3]While Morgan did not attach the discovery request to her motion to compel, the copy provided by AMISUB in response is dated February 26, 2020. (ECF No. 69-1, at 9.) There is no indication from the record that Morgan tendered any discovery requests on January 30, 2020.

## II.   ANALYSIS

**A.   Legal Standard**

The scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The party seeking discovery is obligated to demonstrate relevance. Johnson v. CoreCivic, Inc., No. 18-CV-1051-STA-tmp, 2019 WL 5089086, at *2 (W.D. Tenn. Oct. 10, 2019). Upon a showing of relevance, the burden shifts to the party opposing discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case. William Powell Co. v. Nat'l Indem. Co., No. 1:14-CV-00807, 2017 WL 1326504, at *5 (S.D. Ohio Apr. 11, 2017), aff'd *sub nom.* 2017 WL 3927525 (S.D. Ohio June 21, 2017), and modified on reconsideration, 2017 WL 4315059 (S.D. Ohio Sept. 26, 2017). Six factors are relevant to proportionality: (1) "the importance of the issues at stake in the action;" (2) "the amount in controversy;" (3) "the parties' relative access to relevant information;" (4) "the parties' resources;" (5) "the importance of the discovery in resolving the issues;" and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Pursuant to Rule 37, a party may file a motion to

compel if another party "fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

**B.   Local Rule 26.1(b)(2)**

As a preliminary matter, Morgan's motion to compel does not comply with Local Rule 26.1(b)(2), which requires that motions to compel discovery in accordance with Fed. R. Civ. P. 26 through 37:

>    (A)   quote verbatim or attach copies of each deposition question, interrogatory, request for admission, or request for production to which objection has been taken or incomplete response has been given; and
>
>    (B)   include the response and the grounds assigned for the objection (if not apparent from the objection), if any.

LR 26.1(b)(2)(A)-(B). Here, Morgan has not provided copies of any discovery requests tendered to AMISUB. Nor has Morgan articulated whether AMISUB provided any responses or what those responses contained. While AMISUB attached such documentation to its response to the motion to compel, Morgan has not advanced any argument as to the contents of AMISUB's responses other than to say that "she has been harmed by the Defendant['s] refusal to [produce] the discovery request[.]" (ECF No. 67-1, at 2.) Because Morgan's motion to compel does not comply with Local Rule 26.1(b)(2) or advance any specific argument as to AMISUB's discovery responses, the motion to compel is DENIED.

**C.   Discovery Requests**

Even if the court were to examine the discovery requests and AMISUB's responses, the motion to compel would still be denied. The only discovery request Morgan sent AMISUB was titled "Plaintiff's response to Defendant insufficient initial disclosures sent to Plaintiff." (ECF No. 69-1, at 3.) This document included several pages of requests for information and documents and several pages on the scope of mandatory initial disclosures under Fed. R. Civ. P. 26(a)(1). (Id.) Many of Morgan's requests far exceeded the scope of initial disclosures, and AMISUB notes that Morgan never actually served AMISUB with any discovery requests complying with the Federal Rules of Civil Procedure. Yet, AMISUB treated Morgan's response to AMISUB's initial disclosures as Requests for Production under Rule 34. In responding, AMISUB asserted objections and "either answered the question posed by Plaintiff, explained where the documents it previously produced as initial disclosures were responsive, and/or produced additional responsive documents."[4] (ECF No. 69, at 2.) Although AMISUB produced nearly 500 pages of documents, Morgan's motion to compel

---

[4]Morgan challenges the veracity of this statement in her reply brief. (ECF No. 70, at 5.) There is no basis in the record for concluding that the statement is untrue or that defense counsel acted improperly. The court cautions Morgan that unfounded allegations of impropriety may subject her to sanctions in the future.

asserts that AMISUB "refuse[d] to submit the documentation . . . request[ed]." (ECF No. 67, at 2.)

Moreover, many of Morgan's discovery requests exceed the scope of discovery. For example, Morgan requested "[c]opies of all documents, data compilations, and tangible things in the possession, custody, or control of the party likely to bear significantly on any defense[.]" (ECF No. 69-1, at 5.) This request is clearly overbroad. In addition, Morgan asks for documents and information regarding AMISUB's relationship with Guardsmark, the company AMISUB uses for contracting security guards, and Otis Elevator Corporation, although Morgan does not explain how any of these requests are relevant to her ADA claims for failure-to-accommodate and discriminatory termination. (Id. at 6.) Even in her reply, Morgan does not explain why the documents and information she requested are relevant. (ECF No. 70, at 7-10.) Rather, Morgan argues only that AMISUB has waived its right to object to the discovery requests by failing to object within thirty days. (Id.) This argument fails for several reasons.

First, Morgan has waived her waiver argument by failing to raise it until her reply brief. See Sanborn v. Parker, 629 F.3d 554, 579 (6th Cir. 2010) ("We have consistently held, however, that arguments made to us for the first time in a reply brief are waived."). Second, Morgan never sent AMISUB any Requests for

- 6 -

Productions or Interrogatories in accordance with the Federal Rules of Civil Procedure. Instead, Morgan sent AMISUB a response to its initial disclosures. (ECF 69-1, at 10.) On March 31, 2020, AMISUB informed Morgan that while her response to the initial disclosures did not constitute a discovery request in accordance with the Federal Rules of Civil Procedure, for Morgan's benefit, AMISUB would respond to the "unidentified and unnumbered statements and questions" as if they were Requests for Production under Rule 34. (ECF No. 69-1, at 11.) Third, it is unclear when Morgan actually served AMISUB with the discovery requests. Morgan's motion to compel says January 30, 2020, although there is nothing in the record to suggest that Morgan tendered any formal discovery requests to AMISUB on that date. (ECF No. 67, at 1.) Morgan's actual response to AMISUB's initial disclosures, which AMISUB attached to its response, is dated February 26, 2020. (ECF No. 69-1, at 9.) Counsel for AMISUB, however, states in an email conversation with Morgan that AMISUB received her response to its initial disclosures "in early March." (ECF No. 69-1, at 11.) Because Morgan never actually served AMISUB with discovery requests complying with the Federal Rules of Civil Procedure, and because of the ambiguity in the record as to when Morgan sent her response to AMISUB's initial disclosures (and the close proximity of AMISUB's response to the thirty-day mark), the facts of this

case do not justify a finding of waiver. Based on the analysis above, Morgan has not provided a sufficient basis for granting her motion to compel.

**D.   Costs and Expenses**

AMISUB asserts that it is entitled to reasonable expenses and attorneys' fees regarding its response to the motion to compel pursuant to Fed. R. Civ. P. 37(a)(5)(B). (ECF No. 69, at 5.) Rule 37(a)(5)(B) provides that if a motion to compel is denied, the court "must, after giving an opportunity to be heard, require the movant . . . to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Id.

The court agrees with AMISUB that Morgan's motion to compel was not substantially justified. As AMISUB points out, Morgan's motion fails to identify any specific outstanding discovery requests or provide any insight into why her motion to compel should be granted. Moreover, counsel for AMISUB conferred with Morgan on several occasions and even explained that a motion to compel on this matter would be frivolous and possibly subject Morgan to sanctions. (ECF No. 69-1, at 24.) Although Morgan filed

a reply brief, and included the text of AMISUB's argument on attorneys' fees in that reply, Morgan did not offer any rebuttal or objection to granting AMISUB's request for attorneys' fees. Morgan offers no justification for her failure to comply with Local Rules or the Federal Rules of Civil Procedure.[5]

As AMISUB points out, the numerous documents and motions Morgan has filed with the court require the expenditure of not only AMISUB's time and money but also judicial resources, as well. This motion to compel is not the first instance of Morgan asserting meritless or frivolous arguments. For example, in Morgan's motion for a protective order, she asserted that she was entitled to a

---

[5] Morgan's *pro se* status does not justify her failure to comply with Local Rules and the Federal Rules of Civil Procedure. See Strickland v. Spitalieri, No. 1:19-CV-2899, 2020 WL 1640315, at *3 (N.D. Ohio Apr. 2, 2020) ("*Pro se* plaintiffs are obligated to be aware of and comply with procedural rules applicable to their case."); see also Needham v. Butler Cty. Jail, No. 1:19-CV-294, 2019 WL 5899326, at *2 (S.D. Ohio Nov. 12, 2019); ("Plaintiff is forewarned that his *pro se* status and professed health conditions do not relieve him of his obligation to fully comply with applicable rules of civil procedure[.]"), report and recommendation adopted, No. 1:19-CV-294, 2019 WL 6682155 (S.D. Ohio Dec. 6, 2019); Hunter v. Lockland City Sch., No. 1:16-CV-418, 2016 WL 4471687, at *2 (S.D. Ohio July 27, 2016) ("[T]he undersigned reminds Plaintiff that his *pro se* status does not excuse him from his obligations to comply with all local and federal rules of civil procedure[.]"), report and recommendation adopted, No. 1:16-CV-418, 2016 WL 4468251 (S.D. Ohio Aug. 24, 2016). When granting Morgan leave to proceed *in forma pauperis*, the undersigned ordered Morgan to "become familiar with the Federal Rules of Civil Procedure and this court's Local Rules." (ECF No. 7, at 2.)

protective order based on attorney-client privilege because she is proceeding *pro se* and thus acting as both attorney and client. (ECF No. 53-1, at 10-11.) Similarly, Morgan asserted that she was entitled to a protective order based on the Fifth Amendment right against self-incrimination without providing any detail or explanation as to why. (Id. at 2-4.) In the court's July 24, 2020 order addressing Morgan's motion for a protective order, the court denied AMISUB's request for attorneys' fees but cautioned that "should Morgan fail to comply with the Federal Rules of Civil Procedure or this court's orders in the future, she may be subject to sanctions, including but not limited to attorneys' fees and/or dismissal of her complaint with prejudice." (ECF No. 71, at 16-17.) The court reiterates this warning to Morgan. The court would add that any failure to comply with the Local Rules, the Federal Rules of Civil Procedure, or this court's orders, may subject Morgan to the sanctions described above.

With the above warning in mind, the court finds that under the circumstances an award of expenses would be unjust at this time. While AMISUB requested oral argument on this point, the undersigned does not believe it necessary at this time. AMISUB's requests for attorneys' fees and oral argument are DENIED.

### III. CONCLUSION

Based on the foregoing analysis, Morgan's motion to compel

- 10 -

DENIED, and AMISUB's request for attorneys' fees is DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

September 4, 2020
Date
