# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

---

| | |
|---|---|
| **CLIFFRIE MORGAN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 18-cv-2042-TLP-tmp |
| | ) |
| **AMISUB (SFH), INC.** | ) |
| **d/b/a SAINT FRANCIS HOSPITAL,** | ) |
| | ) |
| Defendant. | ) |

---

## REPORT AND RECOMMENDATION
---

Before the court is a motion for sanctions filed by defendant AMISUB (SFH), Inc. d/b/a Saint Francis Hospital ("AMISUB") on September 23, 2020.[1] (ECF No. 83.) Plaintiff Cliffrie Morgan filed *pro se* responses on September 28, 2020 and October 6, 2020. (ECF Nos. 85 & 87.) For the reasons below, it is recommended that the motion for sanctions be granted and that the sanction of involuntary dismissal be imposed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).

## I. PROPOSED FINDINGS OF FACT

Plaintiff Cliffrie Morgan filed a *pro se* complaint against

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

AMISUB on January 17, 2018, asserting failure-to-accommodate and discriminatory termination claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C.S. § 12101 et seq., stemming from an on-the-job injury. (ECF No. 1.) AMISUB served its first set of interrogatories, requests for admission, and requests for production of documents on Morgan on March 5, 2020. (ECF No. 59, at 1.) In lieu of providing formal responses to these requests, Morgan filed a motion for a protective order on April 8, 2020. (ECF No. 53.) AMISUB then filed a motion to compel discovery on April 23, 2020. (ECF No. 59.)

The court addressed both motions in an order dated July 24, 2020. (ECF No. 71.) Morgan argued in her motion for a protective order that AMISUB's interrogatories and requests for production sought privileged information. (ECF No. 53-1, at 1.) Morgan stated three bases for the claimed privilege: the Fifth Amendment right against self-incrimination, attorney-client privilege, and psychotherapist-patient privilege. (Id.) The court denied the motion for a protective order as to the first two bases for privilege, but granted the motion "as to information and records regarding her mental health." (ECF No. 71, at 8.) Because Morgan never formally responded to AMISUB's discovery requests, the court ordered Morgan to provide responses to AMISUB's requests for production, interrogatories, and requests for admission within

thirty (30) days from the entry of the order. (Id. at 10-14.)

AMISUB argued that it was entitled to reasonable expenses and attorneys' fees regarding its motion to compel and its response to the motion for a protective order. (ECF Nos. 59, at 3; 60, at 6.) The court found that "both parties should bear their own costs and expenses regarding the briefing on the motion for a protective order." (ECF No. 71, at 15.) Regarding costs and expenses related to AMISUB's motion to compel, the court found:

> At best, Morgan argues that her filing a motion for a protective order justified her failure to provide timely and formal responses to AMISUB's discovery requests. However, even if the court had granted Morgan's motion in full, the resulting protective order would not excuse Morgan from providing responses to AMISUB's discovery requests in accordance with the Federal Rules of Civil Procedure. Rather, the protective order would alter the substance of those responses. The fact that Morgan moved for a protective order does not by itself substantially justify her failure to comply with the Federal Rules of Civil Procedure. However, under the circumstances, the court finds that an award of expenses would be unjust at this time.

(Id. at 16.) The court denied the motion for attorney's fees but warned that "should Morgan fail to comply with the Federal Rules of Civil Procedure or this court's orders in the future, she may be subject to sanctions, including but not limited to attorneys' fees and/or dismissal of her complaint with prejudice." (Id. at 16-17.)

On June 10, 2020, Morgan filed a motion to compel. (ECF No. 67.) In response, AMISUB moved for attorney's fees. (ECF No. 69.) The court held that "[b]ecause Morgan's motion to compel does not comply with Local Rule 26.1(b)(2) or advance any specific argument as to AMISUB's discovery responses, the motion to compel is DENIED." (ECF No. 78, at 4.) The court denied AMISUB's motion for attorney's fees but issued another stern warning to Morgan:

> The court agrees with AMISUB that Morgan's motion to compel was not substantially justified. As AMISUB points out, Morgan's motion fails to identify any specific outstanding discovery requests or provide any insight into why her motion to compel should be granted. Moreover, counsel for AMISUB conferred with Morgan on several occasions and even explained that a motion to compel on this matter would be frivolous and possibly subject Morgan to sanctions. (ECF No. 69-1, at 24.) Although Morgan filed a reply brief, and included the text of AMISUB's argument on attorneys' fees in that reply, Morgan did not offer any rebuttal or objection to granting AMISUB's request for attorneys' fees. Morgan offers no justification for her failure to comply with Local Rules or the Federal Rules of Civil Procedure.
>
> As AMISUB points out, the numerous documents and motions Morgan has filed with the court require the expenditure of not only AMISUB's time and money but also judicial resources, as well. This motion to compel is not the first instance of Morgan asserting meritless or frivolous arguments. For example, in Morgan's motion for a protective order, she asserted that she was entitled to a protective order based on attorney-client privilege because she is proceeding pro se and thus acting as both attorney and client. (ECF No. 53-1, at 10-11.) Similarly, Morgan asserted that she was entitled to a protective order based on the Fifth Amendment right against self-incrimination without providing any detail or explanation as to why. (Id. at 2-4.) In the court's July 24, 2020 order addressing Morgan's motion for a

> protective order, the court denied AMISUB's request for
> attorneys' fees but cautioned that "should Morgan fail
> to comply with the Federal Rules of Civil Procedure or
> this court's orders in the future, she may be subject to
> sanctions, including but not limited to attorneys' fees
> and/or dismissal of her complaint with prejudice." (ECF
> No. 71, at 16- 17.) The court reiterates this warning to
> Morgan. The court would add that any failure to comply
> with the Local Rules, the Federal Rules of Civil
> Procedure, or this court's orders, may subject Morgan to
> the sanctions described above.
>
> With the above warning in mind, the court finds that
> under the circumstances an award of expenses would be
> unjust at this time. While AMISUB requested oral
> argument on this point, the undersigned does not believe
> it necessary at this time. AMISUB's requests for
> attorneys' fees and oral argument are DENIED.

(ECF No. 78, at 8-10.)

On September 14, 2020, Morgan filed a notice with the court of her intent to file a petition for a writ of mandamus and a motion to stay with the Sixth Circuit Court of Appeals. (ECF Nos. 79 & 80.) The undersigned entered an order denying a stay of proceedings on September 16, 2020. (ECF No. 81.) On September 23, 2020, AMISUB filed the instant motion for sanctions based on Morgan's failure to comply with this court's July 24, 2020 order. (ECF No. 83.) According to AMISUB, Morgan has not provided any responses to AMISUB's requests for production, interrogatories, or requests for admission. (Id. at 2.) AMISUB requests that the court dismiss the action in its entirety pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and award AMISUB its attorney's fees. (Id.)

- 5 -

## II. PROPOSED CONCLUSIONS OF LAW

**A. Jurisdiction**

As a preliminary matter, the court will address its authority to address the pending motion for sanctions. In lieu of providing a substantive response to this motion for sanctions, Morgan filed two notices with the court asserting that she is not obligated to respond to the motion for sanctions until the Sixth Circuit Court of Appeals addresses her petition for a writ of mandamus and motion to stay. (ECF Nos. 85 & 87.) After Morgan filed the first of these notices, the undersigned entered an order directing Morgan to respond to the motion for sanctions. (ECF No. 86.) The court informed Morgan that "the filing of a petition for a writ of mandamus does not operate as an automatic stay of proceedings in the district court." Ryan v. Royal Oak Police Douglas Warner, No. 05-40185, 2009 U.S. Dist. LEXIS 105464, at *5 (E.D. Mich. Nov. 12, 2009). Similarly, filing a motion to stay does not operate as an automatic stay of proceedings. See id. The court explicitly found that "filing a motion to stay does not relieve Morgan of her obligation to comply with the Local Rules or this court's orders." (ECF No. 86, at 2.) Accordingly, the court directed Morgan to respond to AMISUB's motion for sanctions by the end of business on Wednesday, October 7, 2020. (Id.) The court stated that if Morgan did not file a response by that date, it would construe her notice

as a response to the motion for sanctions. (Id.)

Morgan responded to this order by filing another notice with the court asserting that the court lacks jurisdiction over pending motions until the Court of Appeals addresses her petition for a writ of mandamus and motion to stay. (ECF No. 87.) However, "the filing of a petition for a writ of mandamus does not divest this district court of jurisdiction, nor does its pendency have the effect of staying proceedings in the district court." Farrell v. U.S. Bank Nat'l Ass'n, No. 14-11781, 2015 U.S. Dist. LEXIS 190255, at *1 n.2 (E.D. Mich. Jan. 15, 2015) (internal quotation marks omitted); see also Nascimento v. Dummer, 508 F.3d 905, 910 (9th Cir. 2007) ("petitions for extraordinary writs [e.g., for mandamus relief] do not destroy the district court's jurisdiction in the underlying case."); Eidex Family Partnership, L.P. v. Justice, 2009 U.S. Dist. LEXIS 38114, 2009 WL 1089458, at *2 (N.D. Cal. Apr. 21, 2009) ("While a district court is divested of jurisdiction upon a notice of appeal of a final judgment, a petition for a writ of mandamus does not destroy the district court's jurisdiction in the underlying case.") (internal citation omitted). Accordingly, Morgan's filings with the Sixth Circuit do not impact this court's ability to rule on pending motions in this action.

**B.   Sanction of Involuntary Dismissal**

Under Rule 37(b)(2) of the Federal Rules of Civil Procedure,

a district court may sanction parties who fail to obey discovery orders in a number of ways, including dismissal of the action or proceeding. Fed. R. Civ. P. 37(b)(2)(A)(v). The dismissal of an action for non-compliance with a discovery order under Rule 37 is a sanction of "last resort," one which a court may impose only when "a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." Peltz v. Moretti, 292 F. App'x 475, 478 (6th Cir. 2008) (quoting Reg'l Refuse Sys. v. Inland Reclamation Co., 842 F.2d 150, 153-54 (6th Cir. 1988)). The court considers four factors when deciding whether to impose the sanction of dismissal or default judgment under Rule 37:

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor . . . is whether less drastic sanctions were first imposed or considered.

Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997) (citing Reg'l Refuse Sys., 842 F.2d at 154-55; Bass v. Jostens, Inc., 71 F.3d 237, 241 (6th Cir. 1995)). None of these factors is dispositive. Barron v. Univ. of Mich., 613 F. App'x 480, 484 (6th Cir. 2015).

"The first factor — whether the party's failure is due to willfulness, bad faith, or fault — requires 'a clear record of

delay or contumacious conduct.'" Carpenter v. City of Flint, 723 F.3d 700, 704 (6th Cir. 2013) (quoting Freeland, 103 F.3d at 1277). "Contumacious conduct means 'behavior that is perverse in resisting authority and stubbornly disobedient.'" Phipps v. Accredo Health Grp., Inc., No. 2:15-cv-02101-STA-cgc, 2017 U.S. Dist. LEXIS 23801, 2017 WL 685579, at *4 (W.D. Tenn. Feb. 21, 2017) (quoting Carpenter, 723 F.3d at 704-05). The purportedly wrongful conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [the] conduct on those proceedings." Carpenter, 723 F.3d at 705 (quoting Tung-Hsiung Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2013)). In this case, Morgan has repeatedly resisted this court's authority and has been "stubbornly disobedient" throughout the discovery process. Morgan's failure to cooperate or comply with this court's orders indicates a "reckless disregard for the effect of [her] conduct on th[e]se proceedings." Id. Accordingly, the first factor weighs in favor of dismissal.

The second factor is whether the adversary was prejudiced. Freeland, 103 F.3d at 1277. "A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the non-compliant party] was legally obligated to provide.'" Carpenter, 723 F.3d at 707 (quoting Harmon v. CSX Transp., 110 F.3d 364, 368

(6th Cir. 2013)). Here, AMISUB is clearly prejudiced by Morgan's failure to provide any discovery responses. AMISUB has spent time, money, and effort in attempting to obtain Morgan's compliance with the Federal Rules of Civil Procedure, the Local Rules, and this court's orders. This factor weighs in favor of dismissal.

The third factor is whether the party was warned that failure to cooperate could lead to the sanction of involuntary dismissal. Freeland, 103 F.3d at 1277. The court warned Morgan of this possibility in its orders dated July 24, 2020 and September 4, 2020. (ECF Nos. 71 & 78.) In the first order, the court warned that "should Morgan fail to comply with the Federal Rules of Civil Procedure or this court's orders in the future, she may be subject to sanctions, including but not limited to attorneys' fees and/or dismissal of her complaint with prejudice." (ECF No. 71, at 16-17.) The court included this same warning in its September 4, 2020 order, stating that "[t]he court reiterates this warning to Morgan. The court would add that any failure to comply with the Local Rules, the Federal Rules of Civil Procedure, or this court's orders, may subject Morgan to the sanctions described above." (ECF No. 78, at 10.) Because Morgan received this warning on two separate occasions, this factor weighs heavily in favor of dismissal.

The fourth factor is whether less drastic sanctions were first

imposed or considered. Freeland, 103 F.3d at 1277. As involuntary dismissal is a sanction of "last resort," the court must consider whether lesser sanctions would maintain the integrity of these proceedings. Carpenter, 723 F.3d at 709. While the court has not yet imposed sanctions on Morgan, it has seriously considered doing so on two separate occasions and would have been justified in doing so. (ECF Nos. 71 & 78.) In both instances, the court opted to give Morgan a stern warning about her conduct in lieu of sanctions. Because the court has previously considered imposing less drastic sanctions, this factor also weighs in favor of dismissal.

Based on the foregoing analysis, all four factors weigh in favor of dismissal. Accordingly, it is recommended that the complaint be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).

C. **Attorney's Fees**

Additionally, AMISUB seeks attorney's fees as a sanction. Under Rule 37(b)(2)(C), instead of or in addition to imposing any of the sanctions listed in Rule 37(b)(2)(A) for failing to comply with a discovery order, such as involuntary dismissal, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). AMISUB contends that Morgan cannot offer any justification for her

behavior, noting that it has spent significant time and expense throughout the discovery process due to Morgan's failure to comply with the Federal Rules, the Local Rules, and this court's orders. (ECF No. 83, at 3-6.) Accordingly, AMISUB requests its costs and fees associated with preparing and prosecuting its motion for sanctions. (Id.) In this case, AMISUB has repeatedly attempted in good faith to obtain Morgan's compliance with her discovery obligations. However, the court finds that the sanction of dismissal is more properly tailored to address Morgan's conduct. Accordingly, it is recommended that AMISUB's motion for attorney's fees be denied.

### III. CONCLUSION

Based on the foregoing, it is recommended that the motion for sanctions be granted and that the complaint be dismissed pursuant to Fed. R. Civ. P. 37.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

October 8, 2020
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE**

SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.