## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| CLIFFRIE MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-02042-TLP-tmp |
| | ) | |
| AMISUB (SFH), INC., d/b/a Saint Francis | ) | |
| Hospital Memphis, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

## BACKGROUND

Defendant AMISUB (SFH), INC. moved for sanctions because Plaintiff Cliffrie Morgan

flouted the Magistrate Court's order granting Defendant's motion to compel discovery.  (ECF

No. 83 at PageID 667.)  This Court referred the matter to the Magistrate Court for determination

of all pretrial matters under Administrative Order 2013-05.  And the Magistrate Court entered a

Report and Recommendation ("R&R") recommending the Court grant Defendant's motion for

sanctions.  (ECF No. 88 at PageID 701.)  For the reasons below, the Court **ADOPTS** the

Magistrate Court's R&R.

## THE REPORT AND RECOMMENDATION

I.     **Case History**

First, the Magistrate Court thoroughly outlined the history of this matter.  (ECF No. 88 at

PageID 690–94.)  The relevant facts are as follows.  Plaintiff sued pro se under the Americans

with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.  (ECF No. 1.)  Defendant served

Plaintiff with its first set of interrogatories, requests for admission, and requests for production of documents.  (*See* ECF No. 59 at PageID 265.)  But Plaintiff did not respond, and instead moved for a protective order.  (*See id.*; ECF No. 53.)  In response, Defendant moved to compel discovery.  (ECF No. 59.)

In her motion for a protective order, Plaintiff argued that Defendant's discovery requests sought privileged information.  (ECF No. 53-1 at PageID 212.)  The Magistrate Court granted the motion "as to information and records regarding her mental health" only.  (ECF No. 71 at PageID 465.)  The Magistrate Court also ordered Plaintiff to respond to Defendant's discovery requests within thirty days of the entry of the order.  (*Id.* at PageID 467–70.)

Defendant argued that the Court should award it reasonable expenses and attorneys' fees for its motion to compel and its response to Plaintiff's motion for a protective order.  (ECF Nos. 59 & 60.)  The Magistrate Court found that the parties should pay their own costs, because though "[t]he fact that Morgan moved for a protective order does not itself substantially justify her failure to comply with the Federal Rules of Civil Procedure . . . under the circumstances, the court finds that an award of expenses would be unjust at this time."  (ECF No. 71 at PageID 473.)  The Magistrate Court further warned Plaintiff that, if she violated the order to produce records, "she may be subject to sanctions, including but not limited to attorneys' fees and/or dismissal of her complaint with prejudice."  (*Id.* at PageID 473–74.)

Plaintiff then moved to compel discovery.  (ECF No. 67.)  Defendant requested attorneys' fees again, arguing that the motion lacked merit and did not comply with the Local Rules.  (ECF No. 69.)  The Magistrate Court denied Plaintiff's motion because it did not comply with the Local Rules or "advance any specific argument" over Defendant's discovery responses.  (ECF No. 78 at PageID 512.)  And while the Magistrate Court also denied Defendant's motion

for attorneys' fees, it repeated its warning that Plaintiff's failure to comply with the Federal

Rules of Civil Procedure or the court's order may lead to sanctions.  (*Id.* at PageID 518.)

In response, Plaintiff informed the Magistrate Court that she was petitioning for a writ of

mandamus with the Sixth Circuit.  (ECF No. 79.)  She also moved to stay proceedings pending

the Sixth Circuit's ruling on her petition.[1]  (ECF No. 80 at PageID 588.)  The Magistrate Court

denied the motion for a stay, finding that "the circumstances here do not warrant a stay of

proceedings."  (ECF No. 81 at PageID 593.)

Then, because Plaintiff had not responded to any of its discovery requests, Defendant

moved for sanctions.  (ECF No. 83.)  Defendant asked the Magistrate Court to dismiss the action

under Federal Rule of Civil Procedure 37(b)(2)(A)(v) and to award attorneys' fees.  (*Id.* at

PageID 668.)  But instead of responding to Defendant's motion, Plaintiff told the court that she

would not respond until the Sixth Circuit addressed her petition.  (ECF No. 85.)  The Magistrate

Court then directed her to respond to Defendant's motion, explaining that a petition for a writ of

mandamus does not automatically stay district court proceedings.  (ECF No. 86 at PageID 684.)

Again, Plaintiff's only response was that, until the Sixth Circuit addressed her petition, she did

not have to respond in the district court.  (ECF No. 87 at PageID 688.)

## II.      The Magistrate Court's Analysis

The Magistrate explained that under the Federal Rules of Civil Procedure, a district court

may sanction parties who fail to obey discovery orders in several ways, including by dismissing

the action.  (*Id.*); *see* Fed. R. Civ. P. 37(b)(2)(A)(v).  But dismissal for a party's failure to comply

with a discovery order is a sanction of "last resort."  *Peltz v. Moretti*, 292 F. App'x 475, 478 (6th

---

[1] It is unclear whether Plaintiff intended to move for a stay in the district court or instead in the appellate court.  (*See* ECF No. 80.)

Cir. 2008) (quoting *Reg'l Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 153–54 (6th Cir. 1988)).  Thus, courts should only dismiss an action when "a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault."  *Id.*

Courts consider four factors when deciding whether to sanction a party with dismissal under Rule 37:

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor . . . is whether less drastic sanctions were first imposed or considered.

*Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997) (citing *Reg'l Refuse Sys.*, 842 F.2d at 154-55; *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995)).  The first factor requires "a clear record of delay or contumacious conduct," or, in other words, "behavior that is perverse in resisting authority and stubbornly disobedient."  *Carpenter v. City of Flint*, 723 F.3d 700, 704–05 (6th Cir. 2013) (quoting *Freeland*, 103 F.3d at 1277; *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)).  What is more, the party's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [the] conduct on those proceedings."  *Id.* at 705 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

The Magistrate Court found that all four factors weigh in favor of dismissal here.  First, it found that Plaintiff "has repeatedly resisted this court's authority and has been 'stubbornly disobedient' throughout the discovery process."  (ECF No. 88 at PageID 698); *see Carpenter*, 723 F.3d at 705.  Plus, it found that her "failure to cooperate or comply with this court's orders indicates a 'reckless disregard for the effect of [her] conduct on th[e]se proceedings.'"  (*Id.*)

4

Second, the Magistrate Court found that "AMISUB is clearly prejudiced" by Plaintiff's conduct because it "has spent time, money, and effort in attempting to obtain Morgan's compliance with the Federal Rules of Civil Procedure, the Local Rules, and this court's orders." (*Id.*); *see Carpenter*, 723 F.3d at 707 ("A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the non-compliant party] was legally obligated to provide.'" (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997))).

Third, in two separate orders, the Magistrate Court warned Plaintiff that her failure to comply could lead to sanctions, including involuntary dismissal. (*Id.* at PageID 699; *see also* ECF Nos. 71 & 78.)  It therefore found that this factor weighed heavily in favor of dismissal. (*Id.*)

Finally, the Magistrate Court noted that, "[w]hile this court has not yet imposed sanctions on Morgan, it has seriously considered doing so on two separate occasions and would have been justified in doing so." (*Id.* at PageID 700; *see* ECF Nos. 71 & 78.)  And so, "[b]ecause the court has previously considered imposing less drastic sanctions, this factor also weighs in favor of dismissal." (*Id.*)

In sum, the Magistrate Court found that all four factors weigh in favor of dismissal here, and it now recommends that this Court grant Defendant's motion for sanctions and dismiss Plaintiff's complaint under Rule 37(b)(2)(A)(v). (*Id.*)  And because the Magistrate Court found that dismissal "is more properly tailored to address Morgan's conduct," it recommends the Court deny Defendant's motion for attorneys' fees. (*Id.* at PageID 701.)

## DISPOSITION

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Neither party objected to the R&R, and the time for filing objections has expired. *See* Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

Having reviewed the R&R and the entire record here, the Court agrees with the analysis and the conclusion of the Magistrate Court. This Court finds no clear error and **ADOPTS** the R&R in its entirety. The Court therefore **GRANTS** Defendant's motion for sanctions and **DISMISSES WITH PREJUDICE** Plaintiff's complaint. Judgment will follow entry of this order.

**SO ORDERED**, this 17th day of December, 2020.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE