# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CLIFFRIE MORGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:18-cv-02042-TLP-tmp |
| v. ) | |
| ) | |
| AMISUB (SFH), INC., d/b/a Saint Francis ) | |
| Hospital Memphis, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING MOTION FOR RECONSIDERATION

The Magistrate Court entered a Report and Recommendation ("R&R") recommending the Court grant Defendant AMISUB (SFH)'s motion for sanctions. (ECF No. 88 at PageID 701.) Plaintiff Cliffrie Morgan did not object to the R&R. And finding no clear error with the Magistrate Court's order, the Court adopted it and entered judgment dismissing Plaintiff's complaint with prejudice. (ECF Nos. 93 & 94.)

Plaintiff then moved for a new trial and for judgment on partial findings. (ECF Nos. 95, 96, 97, 98 & 101.) The Court construed her motions as motions to amend or alter judgment under Federal Rule of Civil Procedure 59(e). *See Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982); *Cedar View, Ltd. v. Colpetzer*, No. 5:05-CV-00782, 5:06-CV-01367, 2008 WL 4449264, at *1 (N.D. Ohio Sept. 30, 2008) ("Given that no trial has taken place, [plaintiff's] motion for a new trial will be construed as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e)."). The Court denied the motions, finding that Plaintiff failed to identify a basis for relief under Rule 59. (ECF No. 107.) Now Plaintiff moves the Court to

reconsider its order denying her motions for relief from judgment.  (ECF No. 108.)  Defendant responded and Plaintiff replied.  (ECF Nos. 111 & 112.)

## **ANALYSIS**

Plaintiff asks the Court to reconsider its order denying her motions for a new trial and for judgment on partial findings.  (ECF No. 108.)  But "there is no authority in the rules of procedure to reconsider the denial of past motions for reconsideration or relief from judgment." *Fharmacy Records v. Nassar*, No. 05-72126, 2008 WL 11355569, at *5 (E.D. Mich. Dec. 4, 2008); *Hawkins v. Czarnecki*, 21 F. App'x 319, 320 (6th Cir. 2001) (finding "nothing in the rules that provides for multiple subsequent motions for reconsideration once the district court has issued an order denying a motion for reconsideration"); *Ayers v. Anderson*, No. 3:16-cv-00572-CRS, 2018 WL 3244410, at *2 (W.D. Ky. July 3, 2018) ("[T]he Federal Rules of Civil Procedure do not authorize successive motions for reconsideration.").  And so, the Federal Rules do not allow for reconsideration of a motion for reconsideration.

Even if they did, this Court would deny this request.  Considering Plaintiff's arguments, she gives no reason for this Court to reconsider its order.  Plaintiff argues that, in its order denying her motions, the Court never considered her motion for judgment on partial findings.  (ECF No. 108 at PageID 801.)  But the Court did, in fact, specifically address that motion and Plaintiff's arguments.  (*See* ECF No. 107 at PageID 798–99.)

Next Plaintiff argues that this Court found that, in order to seek relief under Federal Rule of Civil Procedure 59, she had to go to trial.  (ECF No. 108 at PageID 801.)  And she claims that this finding was an ex post facto law that violated her constitutional rights.  (*Id.*; ECF No. 112 at PageID 820.)  But she is wrong about this Court's rulings.  The Court found no such thing.

Plaintiff had moved for a new trial. (ECF No. 95.) But because this case never went to trial, the Court construed it as a motion to amend or alter judgment under Federal Rule of Civil Procedure 59(e). (ECF No. 107 at PageID 797.) So the Court did exactly what Plaintiff now asks—it considered her motion as one for relief from judgment under Rule 59(e). (*Id.*) And the Court found that Plaintiff did not identify a reason why it should amend its judgment under that rule. (*Id.*)

In the end, Plaintiff's renewed attempt to seek reconsideration fails. Successive motions for reconsideration are improper under the Federal Rules. And even considering her arguments, Plaintiff does not present any reason under Rule 59(e) or 60(b) for the Court to reconsider its order or judgment. The Court thus **DENIES** her motion for reconsideration.

**SO ORDERED**, this 14th day of May, 2021.

 s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE